IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ALVERNE C. BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-0939-CV-W-HFS |
| | ) | |
| L-3 COMMUNICATIONS / | ) | |
| TITAN GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff challenges her termination as an employee of defendant, contending there was racial discrimination, gender discrimination, age discrimination, and a termination violative of her "time off" rights under the Family and Medical Leave Act (FMLA). See plaintiff's description of her claim in the civil cover sheet when filing this case. Although the complaint neglected to specify the FMLA claim, it was added by motion (Docs. 28 and 34).

Defendant's motion for summary judgment (Doc. 32) will be granted, essentially for reasons set forth at some length in Documents 33 and 45. Plaintiff, responding pro se (Doc. 44) argues that the termination was unfair, but does not adequately respond to the defendant's motion and briefing. Although plaintiff is a Black female in her 60s there is no development of any theory of discrimination based on those attributes. The work force included a number of Black women and persons of comparable age. Long-standing performance deficiencies have been cited, and are uncontested. Plaintiff was fully warned of the need to improve her performance, (largely statistically determined), but failed to do so. A termination was reluctantly agreed to by her immediate supervisor, a somewhat younger Caucasian female, who had originally advocated giving

her a further opportunity.  A non-resident higher supervisor, a somewhat younger Black man, was the moving party in favoring termination.  Plaintiff has no personal problem with him.

Plaintiff's major contention in opposing summary judgment and in contending she had a legal right to retain her position is based on her diabetic condition, which apparently required considerable medical testing and doctor's appointments.  Plaintiff's argument is not entirely clear, but logically it would be that if she had needed fewer sick leave absences she would likely have done better in her performance.[*]

As defendant points out, this is not an FMLA problem.  Plaintiff did not seek unpaid leave under FMLA, and did not produce any timely certification of a serious physical condition requiring a period of unpaid leave.  This is an ordinary paid sick leave situation, which plaintiff took advantage of without criticism.  As a matter of law, there was no termination in violation of the Family and Medical Leave Act.

As recited by plaintiff, if she had counsel one might suppose she might have tried to pull together a disability claim, with a need for reasonable accommodation.  It is unlikely such a claim could have survived summary judgment, given the undisputed facts presented here, but that is not the legal claim that plaintiff has advanced.  Defendant was not obligated to reframe a response to deal with a legal contention that is not before the Court.

---

[*]This is speculative, given plaintiff's rather heavy use of personal leave unrelated to her diabetic condition, which she did not reduce materially even when she had been warned of her performance problems.

For reasons outlined here, and further developed in defendant's briefing, it is hereby

ORDERED that defendant's motion for summary judgment (Doc. 32) is hereby GRANTED. It is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of defendant L-3 Communications / Titan Group and against plaintiff Alverne C. Bush.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

March  26 , 2010

Kansas City, Missouri